UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE LOCAL 806 STRUCTURAL STEEL AND BRIDGE PAINTERS OF GREATER NEW YORK EMPLOYEE TRUST FUNDS, TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY INSURANCE FUND and TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY ANNUITY FUND, and THE STRUCTURAL STEEL AND BRIDGE PAINTERS OF GREATER NEW YORK LOCAL UNION NO. 806,

       Plaintiffs,

-against-

CASABELLA CONTRACTING OF N.Y., INC., LAURA MARCELA PIGNATARO, *individually*, FRANK PIGNATARO, *individually*, and LIBERTY MUTUAL INSURANCE COMPANY,

       Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/30/2022

21-CV-9249 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

  On this day, the Court *sua sponte* considered the above-captioned cause. On September 16, 2022, Plaintiffs filed a notice of voluntary dismissal of all their claims against Defendant Liberty Mutual Insurance Company (ECF No. 26), which the Court subsequently approved and entered (ECF No. 27). Then, on September 19, 2022, Plaintiffs filed a stipulation of dismissal and a notice of voluntary dismissal for all their claims against Defendant Casabella Contracting of N.Y. and Defendant Laura Pignataro, correspondingly (ECF Nos. 29 & 30), which the Court subsequently approved and entered (ECF Nos. 31 & 32). Accordingly, to date, the docket sheet shows that all of Plaintiff's federal law claims (namely, under ERISA and the Taft-Hartley Act) and supplemental state law claims against Defendants have been dismissed, and that the only claims remaining in

this action are the crossclaims that Defendants Casabella Contracting and Frank Pignataro asserted against co-Defendant Laura Pignataro in their Answer, dated February 4, 2022. (*See* Answer, ECF No. 22.)

However, a review of the Answer reveals that the Court lacks subject matter jurisdiction over these remaining crossclaims. To begin, the Answer expressly indicates that Defendants Casabella Contracting and Laura Pignataro are both residents of New York for purposes of diversity subject matter jurisdiction under 28 U.S.C. § 1332. (*See* Answer ¶¶ 2–4, 8); *see also Lehman v. Discovery Comm'ns, Inc.*, 217 F. Supp. 2d 342, 347 (E.D.N.Y. 2002) ("For a district court to have diversity jurisdiction, there must be complete diversity of citizenship, . . . which means that no plaintiff is a citizen of the same state as any defendant." (citations omitted)). Further, the Answer indicates that the asserted crossclaims are all state law claims. (*See* Answer ¶¶ 19–26 (breach of fiduciary duties)[1]; *id.* ¶¶ 27–33 (conversion); *id.* ¶¶ 34–41 (unjust enrichment); *id.* ¶¶ 42–46 (indemnification for Casabella); *id.* ¶¶ 47–51(indemnification for Frank Pignataro).)

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Subject matter jurisdiction is not waivable, and a lack of subject matter jurisdiction may be raised at any time, by a party or the court *sua sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Therefore, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As the Second Circuit previously noted, "[w]here jurisdiction is lacking, . . . dismissal is mandatory." *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (internal quotations and citation omitted).

---

[1] "Claims of breach of fiduciary duty to a corporation arise under the law of the state of incorporation." *H.S.W. Enterprises, Inc. v. Woo Lae Oak, Inc.*, 171 F. Supp. 2d 135, 143 (S.D.N.Y. 2001) (citing *Walton v. Morgan Stanley & Co.*, 623 F.2d 796, 798 (2nd Cir. 1980)).

Accordingly, because the only remaining claims in this action all involve state law crossclaims and there is no complete diversity between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332, the Court DISMISSES this action for lack of subject matter jurisdiction without prejudice. The Clerk of the Court is directed to enter judgment accordingly and to close this case.

Dated: September 30, 2022
       White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge